**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Aaron Breitenstein,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>　　　　Defendant. | No. CV-16-08016-PCT-DLR<br><br>**ORDER** |

Plaintiff Scott Breitenstein appeals from the final decision of the Commissioner of Social Security (Commissioner), which denied his applications for disability insurance benefits and supplemental security income. The Court affirms because the decision of the Administrative Law Judge (ALJ) is free of legal error and supported by substantial evidence.

## **BACKGROUND**

Breitenstein graduated high school and worked in construction until September 2007, when he sustained a back injury. (A.R. 38, 53, 84.) He filed an application for a period of disability and disability insurance benefits on March 13, 2009, but was found not disabled in a March 18, 2011 decision. (*Id.* at 26.) On May 10, 2011, Breitenstein filed a second application for a period of disability and disability insurance benefits. (*Id.*) He also applied for supplemental security income on September 26, 2011. (*Id.*) In both applications, he alleged disability beginning March 19, 2011, when he was 36 years old,

due to lumbar degenerative disc disease, status post laminectomy. (*Id.* at 26, 38.)

After Breitenstein's applications were denied on initial review and upon reconsideration, he requested a hearing. (*Id.* at 26.) On February 10, 2014, Breitenstein appeared with his non-attorney representative and testified at a video hearing before the ALJ. (*Id.*) A vocational expert also testified. (*Id.*) On March 7, 2014, the ALJ issued a decision that Breitenstein was not disabled within the meaning of the Social Security Act. (*Id*. at 23.) Thereafter, Breitenstein submitted new evidence and requested review of the ALJ's decision by the Appeals Council. (*Id*. at 1.) The Appeals Council considered the new evidence but denied Breitenstein's request for review, making the ALJ's decision the Commissioner's final decision. (*Id*.) On February 1, 2016, Breitenstein sought review by this Court. (Doc. 1.)

## **LEGAL STANDARD**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## **DISCUSSION**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically

determinable physical or mental impairment.  § 404.1520(a)(4)(ii).  If not, the claimant is not disabled and the inquiry ends.  *Id.*  At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404.  § 404.1520(a)(4)(iii).  If so, the claimant is automatically found to be disabled.  *Id.*  If not, the ALJ proceeds to step four.  At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work.  § 404.1520(a)(4)(iv).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience.  § 404.1520(a)(4)(v).  If so, the claimant is not disabled.  *Id.*  If not, the claimant is disabled.  *Id.*

At step one, the ALJ found that Breitenstein meets the insured status requirements of the Social Security Act through December 31, 2012, and that he has not engaged in substantial gainful activity since March 19, 2011.  (A.R. 29.)  At step two, the ALJ found that Breitenstein has the following severe impairment:  degenerative disc disease of the lumbar spine, status post laminectomy.  (*Id.*)  At step three, the ALJ determined that Breitenstein does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404.  (*Id.* at 31.)  At step four, the ALJ found that Breitenstein:

> has the [RFC] to perform sedentary work . . . except [he] can occasionally climb ramps and stairs, but he cannot climb ladders, ropes, or scaffolds; [he] can occasionally balance, stoop, kneel, crouch, and crawl; [he] should avoid concentrated exposure to extreme cold, vibrations, and hazards, including moving machinery and heights.

(*Id.*)  The ALJ also found that Breitenstein is unable to perform any of his past relevant work.  (*Id.* at 37.)  At step five, however, the ALJ concluded that jobs exist in significant numbers in the national economy that Breitenstein could perform, considering his age, education, work experience, and RFC.  (*Id.* at 38.)

On appeal, Breitenstein makes four arguments: (1) the ALJ erred by finding that *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988) requires adoption of findings from the March 18, 2011 nondisability decision; (2) the ALJ improperly weighed medical opinion evidence; (3) the ALJ improperly evaluated his credibility; and (4) the new evidence he submitted to the Appeals Council requires remand. (Doc. 10.) The Court addresses each in turn.

**I. The ALJ Did Not Err in Applying *Chavez***

When there has been a final agency decision of nondisability and the claimant subsequently files a new application, the prior administrative decision creates a presumption of continuing nondisability. *See Chavez*, 844 F.2d at 693. To overcome this presumption, the claimant "must prove 'changed circumstances' indicating greater disability." *Id*. Social Security Acquiescence Ruling 97-4(9) provides guidance on the *Chavez* decision:

> In order to rebut the presumption of continuing nondisability, a claimant "must prove 'changed circumstances' indicating a greater disability." In addition, the court indicated that where the claimant rebuts the presumption by proving a "changed circumstance," principles of res judicata require that certain findings contained in the final decision by the ALJ on the prior claim be given some res judicata consideration in determining whether the claimant is disabled . . . . The court concluded that where the final decision by the ALJ on the prior claim, which found the claimant not disabled, contained findings of the claimant's residual functional capacity, education, and work experience, SSA may not make different findings in adjudicating the subsequent disability claim unless there is new and material evidence relating to the claimant's residual functional capacity, education or work experience.

AR-97-4(9), 1997 WL 742758 at *2. Changed circumstances may include: (1) a change in the claimant's age category, (2) an increase in the severity of impairments, (3) newly alleged impairments, or (4) a change in the Commissioner's disability criteria. *Id.* at *3; *Chavez*, 844 F.2d at 693.

Breitenstein argues that the severity of his impairments has increased since his prior disability application. (Doc. 10 at 15.) The ALJ, however, noted the existence of a prior unfavorable administrative decision and, applying *Chavez* and AR-97-4(9),

- 4 -

concluded that Breitenstein had not shown changed circumstances material to the determination of disability. (A.R. 26, 32.) Despite Breitenstein's allegations of worsening conditions, the ALJ noted that the record showed the same routine, conservative treatment and found "the lack of more aggressive treatment or surgical intervention suggests that [Breitenstein's] symptoms and limitations were not as severe as he alleged." (*Id*. at 32.) Finding that Breitenstein had not overcome the presumption of continuing nondisability, the ALJ gave significant weight to the state agency medical consultants from the prior application and found that the objective medical evidence did not support the alleged severity of Breitenstein's symptoms. (*Id*. at 37.)

The ALJ's decision is supported by substantial evidence. In Breitenstein's prior disability claim, evidence showed that he underwent a laminectomy procedure in June 2008 to treat a herniated disc in his lower back. (*Id.* at 33.) After surgery, Breitenstein reported continued back pain but he treated his condition conservatively with physical therapy, injections, and pain management. (*Id*.) Since then, Breitenstein's symptoms and the objective medical findings remained essentially the same. His doctors maintained medication management and have not recommended more aggressive treatment. (*Id*. at 34.) At follow up appointments between 2011 and 2013, Breitenstein's physical examinations and objective imaging findings showed his condition was unchanged; his pain was under reasonable control and he did not want to change his medication dosages. (*Id*. at 35.) Although Breitenstein complained in late 2011 of neck pain, no changes were made to his treatment plan. (*Id*.) Moreover, during the hearing on his second disability claim, Breitenstein did not complain that his functional capacity was limited by neck pain. (*Id.* at 58-59.)

Further, Breitenstein testified that he participated to a limited extent in daily activities such as grocery shopping, driving, cooking, washing dishes, walking to the mailbox, using the computer, and watching television. (*Id*. at 32.) He also reported that he occasionally went fishing, and that his most recent fishing trip was one month before the hearing. (*Id*.) The ALJ properly found that this evidence was inconsistent with a

- 5 -

1 material increase in the severity of Breitenstein's symptoms since March 2011, and consistent with Breitenstein's ability to perform sedentary work as stated in his previous RFC assessment. (*Id*. at 31.) The Court finds no error.

## II. The ALJ Did Not Err in Weighing Medical Source Evidence

Breitenstein next contends that the ALJ improperly discounted the opinion of Dr. Kazmi, his treating physician. (Doc. 10 at 18.) In weighing medical source opinions, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Id.* However, a treating physician's opinion is entitled to controlling weight only if the opinion is well-supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(c)(2). Where a treating physician's opinion is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Lester*, 81 F.3d at 830. However, the ALJ "need not accept the opinion of any physician if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957.

On April 21, 2011, during his first visit with Breitenstein, Dr. Kazmi opined that Breitenstein "is unable to work in any capacity." (A.R. 483.) He noted that Breitenstein was "unable to do activities because of the pain. He is not sleeping well because of the pain. He has avoided driving for two years because of the numbness and pain. Cortisone injections failed [and] [p]ain medication has not helped, including Oxycontin and morphine." (*Id*.) In a follow-up appointment on June 2, 2011, Dr. Kazmi stated that, due to chronic pain and sciatica, Breitenstein was limited to sitting or standing for one hour each per eight-hour shift and he would be absent from work more than three days per month. (*Id.* at 483-91.)

The ALJ properly assigned little weight to Dr. Kazmi's opinion about Breitenstein's inability to work because that conclusion was "an opinion on an issue reserved to the Commissioner." (*Id.* at 35); *see* 20 C.F.R. § 416.927(d). Additionally, the ALJ gave little weight to the remainder of Dr. Kazmi's opinion because it was not supported by objective evidence and was inconsistent with the record as a whole. (A.R. 35.) For example, Dr. Kazmi's treatment notes from November 6, 2012 state that Breitenstein's pain is "under reasonable control" and that "patient does not want to change the dosage." (*Id.* at 569.) In November 2013, Dr. Kazmi noted again that Breitenstein's pain was "under reasonable control." (*Id.* at 1127.) The ALJ found that Dr. Kazmi primarily summarized Breitenstein's subjective complaints but did not provide objective findings to support his assessments. (*Id*. at 36.) The ALJ offered specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Kazmi's opinions, and the Court finds no error.

**III.  The ALJ Did Not Err in Evaluating Breitenstein's Credibility**

Breitenstein argues that the ALJ erred in evaluating the credibility of his symptom testimony. (Doc. 10 at 20.) In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, (2) if there is no evidence of malingering, reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Breitenstein testified that any movement provoked pain and numbness down his legs and back, which prevented him from cooking and engaging in hobbies. (A.R. 32.) He reported debilitating back and leg pain and said his medications caused headaches and memory loss. (*Id*.) The ALJ gave little weight this testimony. (*Id.*) The ALJ found that Breitenstein's symptom testimony conflicted with his reported daily activities, medical

records, and treatment plans.  "One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."  SSR 96-7p, 1996 WL 374186 at *5.  Breitenstein testified that he occasionally went grocery shopping, drove a car, cooked, washed dishes, walked to the mailbox, used a computer, watched television, and went fishing. (A.R. 32.)  Breitenstein also told Dr. Kazmi that he experienced no side effects from his medication.  (*Id.*)  Additionally, Breitenstein's imaging studies showed only minor degenerative changes and no significant malalignment, no compression fracture, and otherwise normal upper facet joint. (*Id.* at 34-35.)  Lastly, Breitenstein refused referrals to physical therapy and a pain management specialist.  (*Id.* at 515.)  The ALJ therefore concluded that Breitenstein's testimony was not credible and that evidence undermined his complaints.  (*Id.* at 34.)  The ALJ gave specific, clear, and convincing reasons for this conclusion, which is supported by substantial evidence.  The Court finds no error.

**IV.  New Evidence Submitted to the Appeals Council Does Not Require Remand**

After a final agency determination of nondisability, if "a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence."  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).  "Under 42 U.S.C. § 405(g), in determining whether to remand a case in light of new evidence, the court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier."  *Mayes v. Massanari*, 276 F.3d 453, 461 (9th Cir. 2001).  New evidence is material if it bears "directly and substantially on the matter in dispute."  *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982) (internal quotation and citation omitted).  The claimant must also demonstrate "a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing."  *Mayes*, 276 F.3d at 462.  To meet the good

cause requirement, the claimant must demonstrate that the new evidence was unavailable at the time of the administrative proceeding and explain why he did not seek the expert's opinion earlier. *Id.* at 463; *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied); *Sanchez v. Sec. of Health and Human Servs.*, 812 F.2d 509, 512 (9th Cir. 1987) (holding that the applicant lacked good cause to remand for consideration of two psychological examinations prepared after the applicant's disability determination when the attorney knew of the applicant's memory loss but failed to explain why the applicant had not requested a mental evaluation or pressed his mental impairment claim at the hearing before ALJ).

Breitenstein submitted to the Appeals Council a six-page spinal impairment questionnaire completed by Dr. Chad Hartley in July 2014. (A.R. 1172-77.) The report indicated that Dr. Hartley treated Breitenstein for neck problems between May and July 2014. (*Id.*) It also showed that Dr. Hartley was in the process of scheduling Breitenstein for surgery. (*Id.*) Breitenstein submitted this report to the Appeals Council in August 2014. (*Id.* at 1171.) The Appeals Council considered this information and made it part of the administrative record. (*Id*. at 3.) The Appeals Council also reviewed medical records from Panacea Brain and Spine dated May 30, 2014 through June 2, 2015, medical records from Havasu Regional Medical Center dated August 25, 2014 through February 10, 2015, and medical records from Dr. Kazmi dated May 4, 2015. (*Id.*)

The Appeals Council found that Breitenstein did not show the new evidence was material to the disability determination because the new evidence pertains to treatment occurring after the ALJ's March 7, 2014 decision. (*Id.*) The new evidence did not concern the relevant time between the alleged disability onset date in March 2011 and the March 2014 decision date; therefore it did not provide a basis for changing the ALJ's decision because it would not have changed the outcome of the administrative hearing. (*Id.*) Furthermore, Breitenstein lacks good cause to remand because his neck

examinations were prepared after his disability determination, and he fails to explain why he did not request a neck evaluation or press his neck impairment claim at the hearing before the ALJ. The Court finds no error.

## **CONCLUSION**

For the foregoing reasons, the ALJ's decision is free of harmful legal error and supported by substantial evidence.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 30th day of November, 2016.

Douglas L. Rayes
United States District Judge